UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

JACK MONEYHAM

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## **COMPLAINT**

Plaintiff, JACK MONEYHAM, sues the Defendant, UNITED STATES OF AMERICA, and alleges as follows:

### **THE PARTIES, JURISDICTION, AND VENUE**

1. This is an action for medical negligence which rendered Jack Moneyham paralyzed.

2. Plaintiff, Jack Moneyham, is a citizen and resident of the State of Florida. He was a patient of the VA Medical Center and VA medical clinics located in Miami, Florida.

3. Defendant is the United States of America.

4. The Court has jurisdiction of this matter under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b).

5. The claims against the Defendant are brought under the Federal Tort Claims Act for injuries sustained by Plaintiff arising out of the negligence of employees, agents, apparent agents, servants, or representatives of the United States Government at the Miami, Florida, VA healthcare system, the Bruce W. Carter Miami VA Medical Center located in Miami, Florida, and Miami, Florida, VA Clinics, while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff.

6. Venue is proper under 28 U.S.C. § 1402 (b) as the alleged negligent acts and omissions arose out of the care and treatment Plaintiff received at the Miami VA healthcare system and because Plaintiff resides in Miami, Florida.

7. Plaintiff has complied with the jurisdictional prerequisites under the Federal Tort Claims Act. The alleged acts of negligence forming the basis of this action occurred during multiple visits to the Miami VA Medical Center between June 28, 2016, through July 4, 2016. Jack Moneyham timely presented his tort claim via Standard Form 95 in writing to the appropriate Federal agency on April 24, 2018, in accordance with 28 U.S.C. § 2401 (b). The United States of America mailed its written denial of Jack Moneyham's claim on August 6, 2019. On January 28, 2021, Jack Moneyham timely filed a written request for reconsideration of the denial in accordance with 28 C.F.R. § 14.9 (b). Jack Moneyham received final written denial of his request for reconsideration on November 18, 2021, and timely instituted this action.

8. Plaintiff has complied with all requirements of Fla. Stat. § 766, et seq. and all conditions precedent to the brining of this action.

### **FACTUAL BACKGROUND**

9. Jack Moneyham is a Veteran of the United States Army. He was a patient of the VA healthcare systems in Miami, Florida, including the Bruce W. Carter VA Medical Center and affiliated VA Clinics.

10. On June 28, 2016, Jack Moneyham presented to the emergency department of Bruce W. Carter VA Medical Center (hereafter "Miami VA") with excruciating back pain which he described as a ten out of ten. He was also suffering from decreasing mobility. The VA Medical Personnel quickly dismissed him as suffering a pulled muscle and sent him home without meaningful investigation or treatment.

11. At all times material, the VA Medical Personnel who treated Jack Moneyham were

aware, or should have been aware, that he was an intravenous drug user and at high risk of developing infection because of this status. Jack Moneyham had been treating with a VA psychologist and was open about his struggle with addiction, and his ongoing efforts to quit using drugs and lead a clean life.

12. The extreme pain in Jack Moneyham's back persisted and he returned to the emergency department of the Miami VA on three separate occasions on June 30, 2016, imploring for help each time.

13. He was first seen on June 30, 2016, at approximately 2:50 a.m. by VA Dr. Ricardo Otero who noted complaints of back pain for three days, an elevated temperature of 99.6 degrees, and a history of substance abuse. Dr. Otero discharged Jack Moneyham as suffering from a pulled muscle.

14. Later that same day Mr. Moneyham returned to the emergency department of the Miami VA where he was seen at approximately 2:02 p.m. by VA Dr. Stephanie Purdon, a resident in academic medicine primary care clinic. She noted his previous emergency department visits on June 28th and the visit earlier that same morning for severe back pain, along with his history of intravenous drug use. Again, Jack Moneyham was discharged without proper care and treatment, and negligently informed that he was merely suffering from a pulled muscle.

15. Jack Moneyham presented to the emergency department of the Miami VA for a third time at around 8:02 p.m. on June 30, 2016. He was seen in the emergency department for extreme back and chest pain by VA Dr. Emron Walwyn who noted the two previous visits and the fact that Mr. Moneyham had a history of substance abuse.

16. Dr. Walwyn ran a lab test of Mr. Moneyham's blood which indicated his erythrocyte sedimentation rate ("SED") was 83. A normal SED rate for men under fifty is a level of 15 or lower. Such an unusually high SED rate is a clear indicator of an inflammatory process

*Jack Moneyham v. USA*

or infection in the body.

17. Dr. Walwyn also noted that Mr. Moneyham's C-reactive protein level ("CRP") was extremely elevated at 80 mg/L. A CRP level this elevated is a telltale sign of infection present in the body.

18. Despite multiple clear biomarkers for infection, an elevated body temperature, decreasing mobility, and a history of intravenous drug use, Dr. Walwyn failed to consult with a specialist, institute the chain of command, or properly diagnose and treat Jack Moneyham's condition. Instead, at 11:18 p.m. he administered high dosages of the extremely powerful pain-killing narcotics morphine and dilaudid. Thereafter, he discharged Jack Moneyham with Percocet in the early morning hours of July 1, 2016. For a fourth time Jack Moneyham was misdiagnosed with a pulled muscle in his back when he was suffering from a far more serious condition.

19. The VA Doctors and medical personnel who treated Jack Moneyham from June 28, 2016, through July 1, 2016, failed to recognize the tell-tale symptoms of spinal cord infection that he was exhibiting. Had his condition been promptly and properly diagnosed, he could have been treated and cured with the administration of antibiotics.

20. When Jack Moneyham woke up on the morning of July 3, 2016, he was unable to use his legs. He had to crawl down the steps. He was rushed by ambulance to the VA Medical Center. He was paralyzed from a spinal epidural abscess that had gone undetected as a result of Defendant's negligence.

21. Upon arriving at the VA Medical Center, yet again, prompt, and urgent treatment was withheld from Jack Moneyham. He should have immediately received a consultation from a neurosurgeon and surgery to attempt to remove the pressure ravaging his spinal cord. No care or treatment for his benefit was offered, and his fate as a paraplegic was sealed by the VA's ineptitude and inaction.

*Jack Moneyham v. USA*

22. Throughout the course of his care and treatment Jack Moneyham was treated by PGY1 first year residents and non-emergency medicine providers. There is no suggestion that an emergency room attending ever saw Jack Moneyham or conducted a bedside evaluation. This represents a breach in the standard of care and a failure to properly supervise and review the clinical decision making of newly minted first-year residents working at the VA.

23. Defendant is directly and vicariously liable for all of the negligent acts and omissions of the doctors and medical personnel working at the VA Medical Center who rendered negligent care and treatment to Jack Moneyham.

24. All conditions precedent to the commencement of this action have been performed, waived, or otherwise satisfied.

## COUNT I – NEGLIGENCE

Plaintiff re-alleges and incorporates by reference paragraphs 1 – 24 of this Complaint and further alleges as follows:

25. Defendant, United States of America, by and through its agents, apparent agents, employees, servants, representatives, and contractors at the Miami VA Healthcare System had a duty to exercise reasonable care in the treatment of Jack Moneyham.

26. Defendant breached that duty and was negligent in the care and treatment of Plaintiff, Jack Moneyham, as follows:

    a. Failing to timely diagnose a spinal epidural abscess and provide immediate treatment to Jack Moneyham;

    b. Failing to immediately initiate antibiotic therapy to Jack Moneyham for a spinal epidural abscess;

    c. Failing to accurately interpret MRI imaging and initiate an immediate transfer of Jack Moneyham for neurosurgical intervention for a compressive spinal epidural abscess;

    d. Failing to immediately initiate the transfer of Jack Moneyham to a facility capable of neurosurgical intervention for a compressive

    spinal epidural abscess;

  e. Failing to provide Jack Moneyham with care and treatment that would have prevented him from becoming paralyzed;

  f. Failing to recognize that Jack Moneyham was suffering from an infection and promptly initiate proper treatment;

  g. Failing to properly supervise physicians-in-training caring for Jack Moneyham;

  h. Negligently permitting excessive delays in providing Jack Moneyham with care and treatment for a spinal epidural abscess;

  i. Failing to provide the right types of medical personnel to adequately care for and diagnose Jack Moneyham's condition.

27. These acts and omissions were negligent and below the applicable standards of care.

28. As a direct and proximate result of the negligence of Defendant, by and through the acts of its employees, agents, apparent agents, servants, or representatives the Plaintiff, Jack Moneyham, was caused to suffer paraplegia, neurogenic bladder, neurogenic bowels, chronic back pain, neuropathic pain, depression, and chronic painful spasticity of the lower extremities.

29. As a direct and proximate result of the negligence of Defendant by and through the acts of its employees, agents, apparent agents, servants, or representatives the Plaintiff, Jack Moneyham, was caused to suffer mental and psychological pain and suffering, and economic damages, including bodily injury resulting in pain and suffering, disability, mental anguish, disfigurement, loss of the capacity for the enjoyment of life, inconvenience, loss of earnings, loss of ability to earn money, past and future medical care, past and future hospitalizations, past and future psychological care, past and future nursing care and treatment, and past and future economic damages.

  WHEREFORE, Plaintiff, Jack Moneyham, demands judgment against Defendant, United

*Jack Moneyham v. USA*

States of America, for compensatory damages, interest and costs associated with brining this action, and all other and further relief available under the law which this court deems just and proper.

## Fla. Stat. § 766.104 Certification

By my signature below, I certify that counsel for Plaintiff conducted a reasonable investigation into this matter and that said investigation has given rise to a good-faith belief that grounds exist for filing an action against each named defendant.

Dated this 5th day of May, 2022.

Respectfully submitted,

By: */s/ Thomas D. Graham*
**Thomas D. Graham, Esq.**
**FBN: 89043**
**Eric Mausner, Esq.**
**FBN: 100304**
*Counsel for Plaintiff*
**MAUSNER GRAHAM**
**INJURY LAW PLLC**
1 NE 2nd Avenue, Suite 200
Miami, Florida 33132
P: (305) 344-4878
F: (305) 800-8677
E: tom@mginjuryfirm.com
E: lucely@mginjuryfirm.com
E: eservice@mginjuryfirm.com

**ATTORNEYS FOR PLAINTIFF**